LAWRENCE E. GEORGE
2420 MONTCLAIR STREET
STOCKTON CALIFORNIA 956205
209-462-2153

**PLAINTIFF IN PRO PER**



**FILED**

MAR 29 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE E. GEORGE<br><br>Plaintiff,<br><br>vs.<br><br>Trans Sohal, Raj Finaf, and<br>DOES 1-through 20, exclusive<br><br>Defendants, | **CASE NO:** 2:22 - CV 0 5 6 4 - KJM KJN PS<br><br>COMPLAINT FOR:<br>DISCRIMINATION and DISPARATE TREATMENT; DISCRIMINATION BASED UPON RETILATION AND RELIGIOUS PERFERENCE; AND DISCRIMINATION BASED ON ADVERSE EMPLOYMENT ACTION AND SLANDER; INTENTIONAL INFLICTION OF EMOTIONAL AND MENTAL DISTRESS ACCORDING TO PROOF;<br><br>JURY TRIAL IS DEMANDED, |

COME NOW PLAINTIFF, LAWRENCE E. GEORGE and alleges;

FACTS

I.

At all times herein mentioned LAWRENCE E. GEORGE was a resident of the County of San Joaquin, State of California, and was an employee of defendant TRANS SOHAL,("hereinafter "SOHAL" )operated a trucking transportation company, shipping goods and product across the

1.

COMPLAINT FOR DISCRIMINATION and DISPARATE TREATMENT; DISCRIMINATION BASED UPON RETILATION

country and the United States roads and highways, defendant RAJ FINAF, ,("hereinafter "FINAF" ) is the president, owner, manager, and, on information and belief, is the sole proprietors of the business located at 2425 Teepee Dr, Stockton California 95205. Plaintiff is informed and on information and belief, believes at all relevant times each defendants was the principle, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and / or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationship to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged above, to be proven in trial.

II.

Defendants and each of them, reside within the jurisdiction of the U.S. District Court, Eastern District of California, and principle place of business is 2425 Teepee Dr, Stockton California 95205.

III.

Jury trial is demanded by plaintiff herein.

IV.

Plaintiff has found it necessary to hire the services of counsel to prosecute this matter, and Plaintiff request reasonable attorney fees according to proof.

V.

Plaintiff herein has complied with administrative procedures by filing a claim with the Department of Fair Employment and Housing, State of California, against the defendants, SOHAL, and FINAH, naming defendant as the discriminating parties. Plaintiff received received

2.

COMPLAINT FOR DISCRIMINATION and DISPARATE TREATMENT; DISCRIMINATION BASED UPON RETILATION

his Right To Sue letter from said Department of Fair Employment and Housing. Further, plaintiff filed a claim through the Equal Employment Opportunity Commission of the Federal Government, and received his Right To Sue letter on March 29, 2021, allowing plaintiff to file an action against defendants.

VI.

The court herein has jurisdiction of this matter as the allegation of discrimination, and religious discrimination and discrimation by retaliation and slander are violation of the laws of the United States of Americe and are clear violation of the United States Civil Rights act of 1991, as amended.

VII.

Plaintiff was born on May 27, 1958, and is currently 64 years of age, and plaintiff is an Ordained Minister in the faith of his choice.

VIII.

Prior to March 29, 2021, and specifically prior to filing this complaint, plaintiff in early September FINAH communicated with Plaintiff about an equal opportunity to become employed with his company. In that communication to FINAH, plaintiff accepted employment and to drive truck for FINAH , SOHAL trucking company.

During this interview as a long time driver, plaintiff offered to drive a 2014 T680 Ken worth, on the promises that I would be allowed to purchase my own truck, specifically the truck Plaintiff would be assigned too, FINAF agreed.  FINAF further insured plaintiff that if I remained employed for over 6 months of employments in transporting freight across the country, which

3.

plaintiff would be allowed the right to purchase and continue to make payments till the truck would be paid off.

On or about January 11, 2018, after 5 months of employment for SOHAL, Plaintiff felt a victim of fraudulently inducement, and deception by FINAF, as Plaintiff spoke to FINAF about their agreement to allow purchase of the truck, and FINAF then stated he changed his intentions. Plaintiff alleges he continued to work for the company through August 2018 on into November 2018, because, plaintiff had no other prospective employers at the time were hiring or that plaintiff knew about at the time.

In early January 2019, work was slow, so plaintiff decided to leave FINAF and returned to work for SOHAL when work was available later in the year.

After plaintiff communicated with FINAF that work was slow and that he would be leaving back to Texacana till work pick up in California, SOHAL agreed and that plaintiff would park his truck and place the keys in the white company mailbox near the gate entrance, at the company place of business the yard located at 2425 Teepee Dr. Stockton California 95205.

IX.

On or about April 3, 2019 employer FINAF sent plaintiff a text to plaintiff's cell phone telling plaintiff work was picking up and he needed plaintiff to return back to California and resume driving for him.

X.

On or about June 4, 2019 Plaintiff has obtain equal opportunity to work and be

4.

employed for a new prospective employer who needed to collect information from plaintiff past previous employer, and FINAF would be the last employer plaintiff worked for. When the potential employer Palmer Trucking ("hereinafter PALMER") contacted past employer SOHAL, FINAF retaliated against Plaintiff to PALMER Trucking Company, with a false statement that " Plaintiff abandoned his 2014 T680 Ken worth truck".  Upon such slanderous statement made to Palmer Trucking Company, by FINAF,  in the trucking industry mean "A "Driver has abandoned a truck at either a truck stop, an unknown deserted area, on at a rest stop across the country or a location unsecured and unattended, or vacant". On information and belief, FINAF was angry with Plaintiff for not returning back to drive for SOHAL trucking company, and FINAF negligently interfering with the Plaintiff's Prospective employer PALMER Trucking , after it was processing Plaintiff new hire paperwork. The discrimination and retaliation by FINAF then escalated to false statement of slander against plaintiff to PALMER Trucking.  In that, plaintiff had expressed my desire to become an independent contractor, FINAF knew the words "abandonment" would cause PALMER Trucking Company not to hire plaintiff.  On or about June 5, 2019, as direct result of the retaliation and slander, and slander by FINAF, the potential employer PALMER Trucking Company after processing plaintiff's application contacted him informing him his application would be DENIED, based on the information and false statement made to his company by SOHAL, plaintiff's equal opportunity in employment with PALMER was discontinued, and the company withdrew their offer to hire and employ plaintiff.

5

I questioned the company decision immediately and was told by PALMER trucking that they made many attempts to contacted FINAF, to obtain information regarding whether or not plaintiff had abandoned SOHAL 2014 T680 Ken worth truck.

XI.

Plaintiff alleges that he felt discriminated against and intimidated by the acts of Defendant FINAF placing frightening information in the truck driven by plaintiff, to discriminate against plaintiff religious belief of Christianity, well known to defendants, by willfully and intentionally placing a book named "HOW TO BECOME A TERRIOST"in the compartment above plaintiff sleeping quarter in the truck. Plaintiff became even more suspicious of activity done while transporting what was unknown to him, in his truck, without questions from Plaintiff to defendant as to its contents on several occasion. This suspicious activity was unknown to Plaintiff a 29year driver. On 1, occasion, a load plaintiff was ordered to deliver was suspicious in that the paperwork was suspicious and the deliver individual order plaintext to remain in the truck, without proper paperwork to follow the load taken by plaintiff. On another occasion plaintiff was ordered to take a delivery, and upon delivery was told to disregard the seal attached to the load and transport the load, and this was suspicious activity unknown to plaintiff, and when plaintiff questioned the load, he was told to forget about it, it is not his concern.  On information and belief, plaintiff believes the defendant FINAF has connections to Terriost Organizations, individuals, networks, and Terriost outside the United States, with

6.

contact to transport, "whatever " is placed  in SOHAL trucks, whether that be drugs, cash, weapon, or individual, or vehicle, or property.

XII.

Plaintiff alleges that said defendants, and each of them, did such acts as herein mentioned willfully and intentionally and with the intent to vex and harass plaintiff, and Plaintiff request punitive damages and exemplary damages from defendants, and each of them, for such actions.

AS FOR THE FIRST CAUSE OF ACTION
(Discrimination and Disparate Treatment in Violation
Of Fair Employment and Housing Act)
(Against all Defendants)
XIII.

Plaintiff herein incorporated by reference each and every allegation contained in Paragraph 1 through XII. of the complaint herein as if set forth in full.

XIV.
Pursuant to the Fair Employment and housing Act (FEHA), California Government Code § 12940 et seq.), Plaintiff is protected from discrimination and disparate treatment in the workplace including wrongful discharge from employment by false and slanderous statement made to another made by the employer, or medical condition and or physical disability. Defendants conduct constitute a violation of public policy and were discriminatory and a substantial factor in causing injury and harm to Plaintiff. To further cover up their illegal actions,

7.

by misleading the (FEHA) defendants have created a pretext reason for their conduct against Plaintiff.

XV.

As a direct, foreseeable, and proximate result of defendants conduct, as alleges above, Plaintiff has suffered lost income, and career opportunities, and has suffered and continue to suffer other economic losses, the precise amount of which will be proven at trial. As direct result of defendant's actions, Plaintiff suffered extreme and unnecessary anxiety, embarrassment, anger, loss of enjoyment of his own truck, and severe emotional and mental distress the true amount of which will be proven at trial.

AS FOR THE SECOND CAUSE OF ACTION
(Discrimination Based Upon Retaliation and Religious Preference)
(Against all Defendants)

XVI.

Plaintiff herein incorporated by reference each and every allegation contained in Paragraph 1 through XV of the complaint herein as if set forth in full.

XVII.

Pursuant to the Fair Employment and Housing Act (FEHA), California Government Code § 12940 et seq.), Plaintiff is protected from discrimination treatment of any kind in the course of employment, from retaliation because of his religious belief and a Minister of the Gospel of his faith, suffered intimidation, retaliation, and was placed in a position where he was afraid to go to defendant place of employment at some point in time, and defendant acts

8.

were designed to intimidate and retaliated against Plaintiff herein.

Defendant were Plaintiff's employer within the meaning of California Government Code § 12940 et seq.), wherein Defendant action constitute a clear violation of public policy and were discriminatory and a substantial factor in causing injury to the Plaintiff herein.

XVIII.

As a direct, foreseeable, and proximate result of defendants conduct, as alleges above, Plaintiff has suffered lost income, and career opportunities, and has suffered and continue to suffer other economic losses, the precise amount of which will be proven at trial. As direct result of defendant's actions, Plaintiff suffered extreme and unnecessary anxiety, embarrassment, anger, loss of enjoyment of his own truck, and severe emotional and mental distress the true amount of which will be proven at trial.

The retaliation herein has been wilful and intentional, and willful and intentional by Defendants, and each of them, with the intent to prevent ownership of a truck, promotion, and Economical monies, and with intent to place derogatory information in plaintiff's personal files, of abandonment of defendant truck, known to be a false statement made at the time by Defendants, entitled Plaintiff to damages, to be proven at trial.

AS FOR THE THIRD CAUSE OF ACTION
(Discrimination and Breach of the Implied Covenant of Good Faith and Fair Dealing)
(Against all Defendants)
XIX.

Plaintiff herein incorporated by reference each and every allegation contained in

9.

COMPLAINT FOR DISCRIMINATION and DISPARATE TREATMENT; DISCRIMINATION BASED UPON RETILATION

Paragraph 1 through XVIII. of the complaint herein as if set forth in full.

XX.

Plaintiff and Defendant entered into an Oral and Implied in fact contract of employment. In every agreement, including the agreement by Plaintiff and Defendant herein therein an implied promise of good faith and fair dealing. This means the each party will not do anything unfairly to interfere with the equal employment opportunity of the other party to receive the benefit of the contract.

Plaintiff performed all acts required of him under the contract, and all conditions required for Defendants' obligation under the contract to transport whatever was in the company truck trailer have been satisfied at all times.  Alternately, Plaintiff was denied a promise of securing his own truck from defendant as promised, without no excuse from Defendant, after having done certain things for defendant, Defendant unfairly interfered with Plaintiff's rights to receive the benefit of the truck after 5 months of transporting for defendant herein.

XXI.

As a direct, foreseeable, and proximate result of defendants' conduct as alleged above, Plaintiff suffered loss of income, a career opportunity, and has suffered and continue to suffer other economic losses, the precise amount of which will be proven at trial.

XXII.

As a direct result of Defendants lie and deception, and fraudulent inducement of the

10.

plaintiff to drive for Defendants,  Plaintiff is entitled to reasonable attorney's fees and cost of suit as provided in § 12965 (b) of the California Government Code.  Defendant engaged in the aforementioned acts, and / or in authorizing, ratifying such acts, in a willful, malicious, intentional, oppressive and despicable, and acted with a conscious disregard of the rights, welfare and safety of Plaintiff rights, which will be proven at trial, and Plaintiff in entitled to damages.

## AS FOR THE FOURTH CAUSE OF ACTION
### (Discrimination Based On Adverse Employment Action and Slander)
### (Against all Defendants)
### XXIII.

Plaintiff herein incorporated by reference each and every allegation contained in Paragraph 1 through XXII. of the complaint herein as if set forth in full.

### XXIV.

Defendants and that with reckless disregard to Plaintiff rights to equal employment opportunity to continue working for a new company offering greater opportunity and benefits, was shattered by Defendant conduct. When Defendant knowingly provided false statements to PALMER, by slandering, Plaintiff suffered an adverse determent to his equal opportunity to California Civil Code § 3287 and / or any other provision of law providing for prejudgment interest.

### XXV.

As a further direct and proximate result of the aforesaid unlawful acts of Defendants, Plaintiff was personally humiliated and has become mentally upset, distressed and aggravated,

11.

COMPLAINT FOR DISCRIMINATION and DISPARATE TREATMENT; DISCRIMINATION BASED UPON RETILATION

by the discrimination, the fraud, the intimidation and then the retaliation entitled Plaintiff to damages, which will be proven at trial. Plaintiff is entitled to attorney's fees and cost pursuant to California Code of Civil Procedures § 1021.5.

WHEREFORE, Plaintiff pray for judgment against Defendants. and each of them, as follows:

A.    For all general, special, consequential and incidental damages, including but not limited to, loss of income and benefits according to proof, loss of use of property, emotional and mental distress suffering, no less than $ 915.000.00;

B.    For exemplary and punitive damages according to proof;

C.    For prejudgment interest according to proof;

D.    For attorney's fees according to proof;

E.    For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

03-29-2022
DATED

LAWRENCE E. GEORGE
Plaintiff In Propria

12

COMPLAINT FOR DISCRIMINATION and DISPARATE TREATMENT; DISCRIMINATION BASED UPON RETILATION

## Verification

I, <u>Lawrence E. George</u>, I am the complainant in the above entitled action. I have read the foregoing complaint Religious Discrimination, Discrimination by Slander, and Retaliation, and know the contents thereof. The same is true of my own knowledge, except as to those matters which ere therein stated on information and belief, and, as to those matters, I believe it to be true.

Executed on <u>March 29, 2022</u> at <u>San Joaquin County, State of California 95205.</u>

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated _March 29, 2022_

LAWRENCE E. GEORGE
PLAINTIFFIN PROPER

13

COMPLAINT FOR DISCRIMINATION and DISPARATE TREATMENT; DISCRIMINATION BASED UPON RETILATION