UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE E. GEORGE,<br><br>Plaintiff,<br><br>v.<br><br>TRANS SOHAL and RAJ FINAF<br><br>DefendantS. | No. 2:22–cv–564–KJM–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis.[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). The court finds that it lacks federal subject matter jurisdiction over the action. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the federal court's independent duty to ensure it has subject matter jurisdiction in the case). Accordingly, the court recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed in forma pauperis be denied as moot.

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Resolution of dispositive matters by a magistrate judge are to be filed as findings and recommendations. See E.D. Cal. L.R. 304.

1

**Legal Standards**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. Id. To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Eastern District of California Local Rule 204 additionally requires that the complaint "state the claimed statutory or other basis of federal jurisdiction" along with "the facts supporting such jurisdictional claim." The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

"[A] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.' " Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.

Here, plaintiff's complaint alleges defendant employers discriminated and retataliated against plaintiff after plaintiff attempted to gain employment with another trucking company. (See ECF No. 1 at 1-2, 4-12.) Additionally, the complaint alleges defendants placed frightening information in plaintiff's truck to discriminate against plaintiff's Christian religious beliefs. (See Id. at 6-7.) The complaint asserts four causes of action. The first two, "Discrimination and Disparate Treatment" and "Discrimination Based Upon Retaliation and Religious Preferences," are brought under California's Fair Employment and Housing Act ("FEHA"). (See ECF No. 1 at 7-9, citing Cal. Gov. Code § § 12940, et al.) Plaintiff's third cause of action, "Discrimination and Breach of the Implied Covenant of Good Faith and Fair Dealing," appears to assert a California common-law contract action. (See Id. at 9-11.) Plaintiff's fourth cause also appears based on state law; it is entitled "Discrimination Based on Adverse Employment Action and Slander," and cites a provision of California law regarding damages. (See Id. at 11-12.) Throughout the complaint there are additional citations to other statutes, all California based. (See Id.) Simply, it appears plaintiff's intent is to rely almost exclusively on California—not federal—law. Thus, as written, the complaint fails to allege claims indicating the court has federal question jurisdiction. Although a federal court can exercise supplemental jurisdiction over state law claims, this occurs when there also exists a federal claim providing the court with federal question jurisdiction. See 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) ("[W]here there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under § 1367").

The court may obtain subject matter jurisdiction through Section 1332. However, plaintiff does not allege diversity jurisdiction, and the complaint alleges all parties are citizens of California. (See ECF No. 1 at 2.) Thus, subject matter jurisdiction cannot lie pursuant to Section 1332. See Lincoln Property Co. v. Roche, 546 U.S. 81, 82 (2005) (complete diversity exists when plaintiffs and defendants hail from different states); see also Kanter v. Warner–Lambert Co., 265 F.3d 853, 857-858 (9th Cir. 2001) ("[T]he party asserting diversity jurisdiction bears the burden of proof.").

///

Finally, the court notes the complaint, in one conclusory sentence, asserts this court has jurisdiction over this action based on the United States Civil Rights Act of 1991. (ECF No. 1 at 3.) However, plaintiff does not specify which title applies to this case, and otherwise never mentions this Act again.[2] (See Id. at 3, 7-12.) Given that the Federal and Local Rules require more than conclusory allegations, the undersigned's finds this statement insufficient to satisfy federal question jurisdiction. See Fed. R. Civ. P. 8(a)(1); Local Rule 204 (requiring a complaint "state the claimed statutory or other basis of federal jurisdiction" along with "the facts supporting such jurisdictional claim.").

In this case, the court plainly does not have federal question jurisdiction over the action, because plaintiff does not assert any federal claims against defendants. Furthermore, there is no diversity of citizenship jurisdiction, because all parties reside in California. Therefore, the court recommends that the action be dismissed without prejudice for lack of federal subject matter jurisdiction. To be clear, this disposition would be without prejudice, leaving plaintiff with the ability to pursue his FEHA, contract, and slander claims in California state court.

### RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT;

---

[2] If plaintiff intends to allege a federal discrimination claim, it would likely be under Title VII, which makes it unlawful for an employer to discriminate based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The complaint does not reference Title VII, and plaintiff relies solely on state law. However, the undersigned recognizes that, generally speaking, it is common for Title VII and FEHA claims to appear part and parcel. Given that plaintiff proceeds without counsel, it is generally permissible to allow for amendment of the complaint. However, any Title VII claim would fail because plaintiff did not file this action within 90 days of receiving his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. § 2000e-5(f)(1) (a plaintiff has 90 days after receipt of an EEOC right-to-sue letter to commence a civil action based on the charges filed). The complaint alleges plaintiff received his right-to-sue letter from the EEOC on March 29, 2021. (ECF No. 1 at 2-3.) Therefore, plaintiff had until June 27, 2021 to file any Title VII claims, and this case was not filed until March 29, 2022. Missirlian v. Huntington Memorial Hospital, 662 F.2d 546, 549 (9th Cir. 1981) (finding that failure to commence a discrimination lawsuit within the 90-day period is grounds for dismissal); see, e.g., Ramos v. Work World America, Inc., No. 2:21-cv-01490-JAM-JDP, 2022 WL 286612 (E.D. Cal. Jan. 31, 2022) (dismissing a case involving Title VII claims for failure to comply with the 90-day requirement). Any leave to amend to add a Title VII claim would therefore be futile. Cahill, 80 F.3d at 339.

      2.   The action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and

      3.   The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 12, 2022

*[Signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

geor.564